UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES L. BRADFORD, JR., et al.,

    Plaintiffs,

v.

DONALD LANPHERE, et al.,

    Defendants,

                             /

File No. 1:09-CV-253

HON. ROBERT HOLMES BELL

**O P I N I O N**

Plaintiffs filed this action in the Allegan County Circuit Court on May 20, 2008. Defendants were served with the complaint on June 7, 2008, and filed their notice of removal on March 19, 2009. This matter is before the Court on a motion to remand and a motion for sanctions filed by Plaintiffs, certain Third-Party Defendants, and Third-Party Counter Plaintiffs. (Dkt. Nos. 8, 10.) For the reasons that follow, the motion to remand will be granted and the motion for sanctions will be denied.

**I.**

Plaintiffs have moved for remand on the basis that the notice of removal was not timely filed.

A notice of removal "shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b). Defendants acknowledge that their notice of removal was not filed within thirty

days after they were served with the complaint. They contend, nevertheless, that their notice of removal was timely under the second paragraph of § 1446(b) because it was filed less than one year after commencement of the action. They also contend that they have stated a valid due process claim.

The extended period for removal that Defendants rely on only comes into play "if the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b). The original complaint alleged that Plaintiffs reside in Michigan and that Defendants are residents of Illinois. (Dkt. No. 1, Ex. B, Compl. ¶¶ 1, 2.) Defendants' notice of removal was premised on diversity and federal question jurisdiction. (Dkt. No. 1, Notice of Removal 5.) Defendants assert in their brief in response to Plaintiffs' motion to remand that "[b]ased on the face of initial pleading, there is complete diversity between the initial parties." (Dkt. No. 16, Resp. Br. 5.) Because it appears that the original complaint was removable on the basis of diversity of citizenship at the time it was filed, the extended period for removal found in the second paragraph of § 1446(b) does not apply.

Defendants' only explanation for their failure to remove the action within thirty days of being served is that "due to the significant history involving this neighborhood and the complexity of the issues directly related to the Bradfords' initial claims, it could not be easily ascertained by Lanpheres based upon the face of Bradfords' claim that this matter would have to be heard by the Federal Court until the time period prescribed by 28 U.S.C. § 1446 had passed." (Dkt. No. 16, Defs.' Resp. to Mot. to Remand 5.)

Contrary to Defendants' assertions, there is nothing that requires the parties' dispute to be heard in federal court. The Michigan circuit courts are courts of general jurisdiction with authority to adjudicate constitutional claims. *Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997) ("Michigan circuit courts are courts of general jurisdiction possessing original jurisdiction in all matters not prohibited by law."). Defendants may have a preference that this dispute to be heard in federal court. However, Defendants' failure to appreciate at an earlier point in time their desire to have this action be heard in federal court does not constitute a basis for extending the statutory time period for removing the case from state court. Accordingly, Plaintiffs' motion to remand will be granted and this case will be remanded to the Allegan Circuit Court from which it was removed.

## II.

Plaintiffs have also moved for sanctions against Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure on the basis that there was no legal or factual justification for removal of this action to federal court. (Dkt. No. 11, Pls.' Br. re Mot. for Sanctions 3.)

Defendants contend that the removal was warranted by existing law, and that a remand would subject them to further deprivations of their property without due process by the Allegan County Circuit Court and the Michigan Court of Appeals. (Dkt. No. 17, Defs.' Resp. to Mot. for Sanctions 4.)

A motion for sanctions pursuant to Rule 11 "shall not be filed with or presented to the court" unless the movant has first served the opposing party with the motion and provided 21 days to withdraw or correct the alleged violation. FED. R. CIV. P. 11(c)(1)(A). This provision, known as the "safe harbor" provision, is an absolute requirement. *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997). "The plain language of Rule 11 specifies that unless a movant has complied with the twenty-one day 'safe harbor' service, the motion for sanctions 'shall not be filed with or presented to the court.'" *Id.* (quoting FED. R. CIV. P. 11(c)(1)(A)). *See also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) ("Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter."). Plaintiffs have neither alleged nor shown that they served Defendants a "safe harbor" letter. Accordingly, Rule 11 sanctions are not available to them. Plaintiffs' motion for sanctions will accordingly be denied.

An order consistent with this opinion will be entered.


Dated: June 8, 2009                                    /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE